UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HAYNES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00813-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 1 & 8)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 21 DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Stephen Haynes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 11, 2019. (ECF No. 1).

On March 4, 2020, the undersigned issued a screening order finding no cognizable claims in Plaintiff's complaint and ordering Plaintiff to "a. File a First Amended Complaint, which the Court will screen in due course; or b. Notify the Court in writing that he wants to stand on his complaint, in which case the Court will issue findings and recommendations to a district judge consistent with this order." (ECF No. 8, p. 8). The Court also warned Plaintiff that "failure to

comply with this order may result in the dismissal of this action." (Id.)

It has been more than thirty days since the issuance of the screening order and Plaintiff has failed to file an amended complaint or indicate that he wishes to stand on his complaint as drafted.  Accordingly, for the reasons set forth in the screening order (ECF No. 8), the Court will recommend that Plaintiff's case be dismissed for failure to state a claim upon which relief may be granted.  The Court will also recommend that Plaintiff's case be dismissed for failure to comply with a Court order and failure to prosecute.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...."  Pagtalunan, 291 at 639.  Plaintiff has failed to respond to the Court's screening order.  This failure to respond is delaying the case and interfering with docket management.  Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Id. at 642 (citing Yourish, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little

available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's incarceration and *in forma pauperis* status, monetary sanctions are of little use.  And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal with prejudice is appropriate.  Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 21, 2020**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE